Kevin P. McCulloch (KM0530)
Nate Kleinman (NK3168)
THE MCCULLOCH LAW FIRM, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JORDAN MOZER; JORDAN MOZER AND ASSOCIATES, LTD., *Plaintiffs*, v. ITALIAN CREATION GROUP SPA; DRIADE SPA; EUGENI QUITLLET; PHILIPPE STARCK; and DOMUS DESIGN COLLECTION (dba "DDC"), *Defendants*. | Civil Action No.: **COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiffs Jordan Mozer and Jordan Mozer and Associates, LTD., by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demands a trial by jury of all claims and issues so triable, and for its Complaint against Defendants Italian Creation Group SpA, Driade SpA, Domus Design Collection (dba "DDC"), Eugeni Quitllet, and Philippe Starck, asserts and alleges as follows:

**JURISDICTION AND VENUE**

1.   Plaintiff Jordan Mozer is an internationally renowned architect and designer.

2. Plaintiff Jordan Mozer and Associates, LTD. is an Illinois corporation with its principle place of business in Chicago, IL that specializes in the design and construction of buildings, restaurants, etc., including all of the furniture and other elements of these spaces.

3. Jordan Mozer and Jordan Mozer and Associates, LTD. are referred to together herein as "Mozer."

4. Jordan Mozer is the registered owner of the copyrights in the original and copyrighted design/work at issue in this action and Mozer.

5. This is an action for copyright infringement and related claims brought by Plaintiffs against Defendants for unauthorized use of the copyrighted design/work.

6. Defendant Italian Creation Group SpA ("ICG") is an industrial holding company based in Milan, Italy.

7. Upon information and belief, Defendant ICG, as the parent holding company, owns and operates Defendant Driade SpA ("Driade").

8. Upon information and belief, the founder and CEO of ICG, Stefano Core, also currently serves as the President and CEO of Driade.

9. Defendant Driade is a furniture manufacturing company based in Fossadello di Caorso, Italy. The company does extensive business in the United States.

10. Upon information and belief, Defendant Driade owns and/or operates a website located at URL address http://www.driade.com/.

11. Upon information and belief, Defendant Driade sells its furniture through an authorized outlet in New York called Dominus Design Collection (dba "DDC").

12. The DDC retail store that features Driade's infringing work is located at 181 Madison Ave, New York, NY 10016.

13. Upon information and belief, Defendant DDC owns and/or operates a website located at URL address http://www.ddcnyc.com/.

14. Defendant Philippe Starck ("Starck") is a designer with offices in New York, Paris, France, and Burrano, Italy.

15. Defendant Eugeni Quitllet ("Quitllet") is a designer with offices in Barcelona, Spain and Paris, France.

16. Upon information and belief, Defendants ICG, Driade, Starck, and Quitllet conduct continuous, significant, and ongoing business in New York State and this District, including by operating offices in this District and selling goods to customers in New York State and this District directly and/or through DDC and other retailers.

17. All Defendants committed copyright infringement in this District by displaying, offering for sale, and selling the infringing works at issue in this action through retailers located in this District, including but not limited to DDC.

18. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

19. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendants may be found in this District.

20. Plaintiffs previously brought suit in this District under Case No. 13-cv-1181 against Defendants Stark, Quitllet, and Driade related to infringements of Plaintiffs' copyrights.

21.     This Court entered judgment against the Defendants on or about April 4, 2014. Nevertheless, these Defendants have continued to infringe Plaintiffs' copyrights and benefit from their infringing use of Plaintiffs' original creative work.

## GENERAL ALLEGATIONS

22.     Upon information and belief, Defendant ICG, as the parent holding company, owns and operates Defendant Driade.

23.     Upon information and belief, Defendant Driade is a furniture manufacturing company based in Italy.

24.     Defendant Driade manufactures, markets, and sells a chair called the "Lou Read" chair.

25.     Driade credits the design of the "Lou Read" chair to Defendants Starck and Quitllet.

26.     Defendant DDC markets and sells the "Lou Read" chair on behalf of the other Defendants.

27.     DDC credits the design of the "Lou Read" to Defendant Starck.

28.     The "Lou Read" chair's design infringes directly upon Plaintiffs' copyrighted work, the "Frankie and Johnnie" chair, designed specifically for the Renaissance 57 Hotel and restaurant in New York City, New York.

29.     The "Lou Read" chair is an unauthorized copy of the "Frankie and Johnnie" chair designed by Plaintiffs as an integral part of Mozer's acclaimed design of the Renaissance 57 Hotel located in New York, New York.

30.     Mozer named the chair the "Frankie and Johnnie" chair in reference to the popular blues ballad of the same name.

31.     Copying not only Plaintiffs' design but also the naming motif, Defendants Starck and Quitllet named their "Lou Read" chair in reference to the American blues influenced musician Lou Reed.

32.     Because Defendants have refused to cooperate or disclose information relating to its infringing use of Plaintiffs' works, the full scope of Defendants' infringing activities has not yet been ascertained.

33.     Plaintiffs owns all copyrights in his "Frankie and Johnnie" chair design and their copyrights in this work are registered with the U.S. Copyright Office under Registration No. VAu001051586.

34.     Defendants' "Lou Read" chair is a blatant and unmistakable unauthorized copy of Plaintiffs' "Frankie and Johnnie" chair.

35.     A comparison of the respective chairs is attached hereto as "Exhibit 1" and included here:

**Plaintiffs' "Frankie and Johnnie" Chair**          **Defendants' "Lou Read" Chair**

 

36. Attached hereto as Exhibit 2 are true and correct copies of Defendant Driade's and Defendant DDC's websites demonstrating Defendants' publishing, displaying, promoting, and offering for sale of the unauthorized "Lou Read" Chair.

37. Defendants have benefitted and continue to benefit financially from the uncompensated copying and exploitation of Plaintiffs' creative work.

38. Defendants' unlicensed, unauthorized, and uncompensated copying and exploitation of Plaintiffs' creative work injured Plaintiffs, including by depriving Plaintiffs of the rightful compensation for the use of its creative work and infringing on its exclusive rights to control of the copying and exploitation of this creative work.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

39. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

40. Plaintiffs are the registered copyright owners of the creative works identified herein and that are the subject of this action.

41. Defendants Starck and Quitllet copied and exploited Plaintiffs' creative work without license or permission or authorization to do so.

42. Defendants Starck and Quitllet did not secure prior permission, authorization, or a license to copy or exploit Plaintiffs' creative work.

43. Defendants Starck and Quitllet exploited Plaintiffs' creative work without permission by copying the design elements from and the overall look and feel of the "Frankie and Johnnie" chair in creating the "Lou Read" chair.

44. Because it is a publicly accessible space, Defendants Starck and Quitllet had access to the Renaissance 57 Hotel.

45.    Defendants Starck and Quitllet had access to a variety of sources for information regarding the design and manufacture of the "Frankie and Johnnie" chair.

46.    By infringing Plaintiffs' copyright in creating the "Lou Read" chair as a copy of Plaintiffs' work, Defendants Starck and Quitllet misappropriated Plaintiffs' intellectual property for their own profit, causing Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

47.    Defendants Starck and Quitllet exploited Plaintiffs' creative work without permission by copying design elements from and the overall look and feel of the "Frankie and Johnnie" chair in advertisements and other marketing materials.

48.    Defendants Driade and DDC infringed Plaintiffs' copyrights by displaying, promoting, and selling the unauthorized "Lou Read" copy.

49.    By infringing Plaintiffs' copyrights in marketing and promoting the "Lou Read" chair in this district and elsewhere, Defendants misappropriated Plaintiffs' intellectual property for their own profit, causing Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

50.    Defendants' unauthorized use of Plaintiffs' copyrighted works was willful.

51.    Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing use of Plaintiffs' creative work and the damages suffered as a result of the lack of compensation, credit, and attribution. Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiffs respectfully prays for judgment on their behalf and for the following relief:

1. A preliminary and permanent injunction against Defendants precluding Defendants from further manufacturing and/or marketing the infringing "Lou Read" chair;

2. All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue, each Defendant's lack of attribution, and each Defendant's profits attributable to infringement;

3. Plaintiffs' full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4. Any other relief authorized by law, including punitive and exemplary damages; and

5. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated September 16, 2016
New York, New York.

    Respectfully submitted,

    THE MCCULLOCH LAW FIRM, PLLC

By: _____
Kevin P. McCulloch
Nate Kleinman
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
Kevin@McCullochIPLaw.com
Nate@McCullochIPLaw.com
*Attorneys for Plaintiffs*